IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA PEARSON,

      Plaintiff,                     No. 2:13-cv-0034 JAM KJN PS

  vs.

CEPS PAYEE,

      Defendant.               FINDINGS AND RECOMMENDATIONS
_____/

      Plaintiff Sandra Pearson, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] After reviewing plaintiff's complaint, the court concludes that it lacks subject matter jurisdiction over the action, and recommends that plaintiff's claims be dismissed without prejudice and that the request to proceed in forma pauperis be denied as moot.

      Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Importantly, a federal court also has an independent duty to assess

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction...."); see also United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004) ("a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments"). A federal district court generally has original subject matter jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

(1) Federal Question Jurisdiction

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009) (citation and quotation marks omitted).

Here, although plaintiff's complaint is somewhat illegible, plaintiff appears to allege that defendant CEPS Payee[2] had been taking her Social Security Supplemental Security Income ("SSI") and other benefits checks for years. (Dkt. No. 1 at 3.) Although defendant

---

[2] According to its website, CEPS is a non-profit corporation, with its only offices in Sacramento, California and Modesto, California, that "provides assistance for individuals who have difficulty managing their day-to-day financial affairs" and serves as a representative payee for SSI benefits. See http://cepsonline.org.

1 apparently paid plaintiff's rent with these funds, plaintiff allegedly only received $58.00 a month
2 from defendant for five years and claims that she had insufficient money to buy food.  (Id.)
3 Plaintiff further alleges that defendant's actions somehow caused her to be threatened with
4 eviction.  (Dkt. No. 1 at 4.)  Liberally construed, plaintiff's complaint appears to contend that
5 defendant, as plaintiff's representative payee for purposes of plaintiff's benefit payments,
6 misused or converted those funds.

       There are no specific allegations in the complaint which suggest that plaintiff's claims are based on the United States Constitution or other federal law.  However, there are federal statutes and regulations that pertain to the misuse of Social Security payments by a representative payee, i.e., an individual or organization designated to receive Social Security payments for a beneficiary who is mentally or physically incapable of handling the payments herself.  See, e.g., 42 U.S.C. §§ 405(j), 1383(a); 20 C.F.R. §§ 404.2041, 416.641.  Nevertheless, although there is not a plethora of authorities addressing the issue of whether these statutes and regulations authorize a private right of action by a beneficiary against a representative payee for misuse of payments, the few federal district courts that have considered the issue have generally concluded that these statutes and regulations do not create a private right of action.  See Bates v. Northwestern Human Servs., Inc., 466 F. Supp. 2d 69, 98-102 (D.D.C. 2006); Sylvester v. Sylvester, 2009 WL 3711562 (D. Minn. Nov. 3, 2009) (unpublished).

       In Bates, the District Court of the District of Columbia performed a detailed analysis of the statutory language, reasoning as follows:

> As an initial matter, it is clear that nothing in these statutes expressly states that a beneficiary may file a lawsuit against a representative payee who has misused his or her benefits payments or otherwise violated the terms of the representative payee provisions. *See generally* 42 U.S.C. §§ 405(j) *et seq.* and 1383(a) *et seq.*  Instead, the statutes appear to envision the Commissioner of Social Security as the conduit through which an aggrieved beneficiary will recover monies as compensation for payments misappropriated or misused by a representative payee, *see* 42 U.S.C. §§ 405(j)(5), 405(j)(7)(A), 1383(a)(2)(E), and 1383(a)(2)(H)(i), and further contemplate that the Commissioner

> will then hold the representative payee liable for repaying the misused benefits to the SSA, *see id.* . . . That is, the liability provisions of 42 U.S.C. §§ 405 and 1383 appear to operate in conjunction as follows: First, if it is determined that "a representative payee ... that is not an individual" has misused all or part of a federal benefits payment to which a beneficiary is entitled under these statutes, the Commissioner is *required* to compensate that beneficiary for the amount that has been misused. 42 U.S.C. §§ 405(j)(5)(A) and 1383(a)(2)(E)(i). In addition, the Commissioner must terminate payments to that representative payee, *id.* §§ 405(j)(1)(A) and 1383(a)(2)(A)(iii), and "make a good faith effort to obtain restitution from the terminated representative payee," *id.* §§ 405(j)(5) and 1383(a)(2)(E).

Bates, 466 F. Supp. 2d at 98-99. The Bates court also noted that, in light of this scheme, "it is particularly likely that Congress did not intend to create a privately enforceable remedy for civil damages against representative payees. Otherwise, the beneficiary whose representative organization misused his or her funds could be compensated twice for the benefit misused." (Id. at 99.) The court further observed that the statutes' explicit provisions for criminal liability under certain circumstances further suggest that they do not confer a private civil right of action. Id. at 100.

Therefore, because there does not appear to be a federal civil private right of action by a beneficiary against a representative payee for misuse of payments, the court finds that plaintiff's complaint does not invoke the court's federal question subject matter jurisdiction.

### (2) Diversity of Citizenship Jurisdiction

Furthermore, it is readily apparent that the court does not have diversity of citizenship jurisdiction. As an initial matter, plaintiff does not allege that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Moreover, even if the complaint could be amended to add such an allegation, there cannot be complete diversity between the parties, because both plaintiff and defendant are citizens of California. Id.

////

////

////

1   Based on the aforementioned analysis, the court finds that it lacks subject matter jurisdiction over the action, and that the action should be dismissed without prejudice.[3]

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE due to lack of subject matter jurisdiction;

2. Plaintiff's motion to proceed in forma pauperis (dkt. no. 2) be DENIED AS MOOT; and

3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: January 10, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court's recommendation does not necessarily mean that plaintiff has no recourse for the injury alleged in the complaint.  As noted above, there are several federal laws pertaining to misuse of benefit payments by representative payees.  However, those laws require plaintiff to seek redress and restitution through the Social Security Administration rather than the federal courts.  Furthermore, plaintiff may potentially be able to pursue state law claims for conversion, negligence, fraud, and/or breach of fiduciary duty, but any such claims would have to be brought in state court.